UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENTRELL D. WELCH,<br><br>Petitioner,<br>v.<br>WARDEN BRIAN WILLIAMS, et al.,<br><br>Respondents. | Case No. 2:19-cv-00193-RFB-VCF<br><br>ORDER |

This is Petitioner Kentrell D. Welch's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court previously denied Welch's first form Motion for Appointment of Counsel (ECF Nos. 3, 4). Welch noted that he had help from inmate law clerks in drafting the Petition, which the Court determined set forth his claims with reasonable clarity.

Respondents previously filed a Motion to Dismiss two grounds in the Petition as unexhausted (ECF No. 20). Welch responded by filing numerous motions, including duplicative Motions for Stay and Abeyance and for Discovery (ECF Nos. 29, 31, 34, 37). He also filed two additional Applications to Proceed *In Forma Pauperis*, though the Court has already granted him *in forma pauperis* status in this case (see ECF Nos. 1, 4, 30, 35).

Welch further filed two more Motions for Appointment of Counsel (ECF Nos. 32, 36). As the Court has previously explained, there is no constitutional right to appointed

1

counsel for a federal habeas corpus proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See Chaney, 801 F.2d at 1196; see also Hawkins v. Bennett, 423 F.2d 948 (8th Cir.1970).

In his latest Motion for Appointment of Counsel, Welch has included a neuropsychological evaluation that was apparently conducted in the course of his state postconviction proceedings (ECF No. 36). The report indicates that Welch's intellectual functioning was assessed to be in the borderline range. It also reflects Welch's history of severe physical, emotional, and sexual abuse during childhood and states that he suffers from several largely untreated psychiatric disorders, including bipolar disorder. He has a long history of auditory and visual hallucinations and has had multiple past suicide attempts. Welch's motion reflects that he is likely incapable of fairly presenting his claims and litigating this Petition. The Court therefore now concludes that counsel is warranted in order to ensure due process and grants the motion. Counsel will have the opportunity to file an Amended Petition, and Respondents' Motion to Dismiss shall be denied without prejudice at this time.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the Petition for Writ of Habeas Corpus (ECF No. 5).  The FPD shall have thirty (30) days from the date of entry of this order to file a Notice of Appearance or to indicate to the Court its inability to represent Petitioner in these proceedings.

**IT IS FURTHER ORDERED** that after counsel has appeared for Petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of an Amended Petition.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 20) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Respondents' Motion for Leave to File Exhibit Under Seal (ECF No. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents' Motion for Extension of Time to File a Response to the Petition (ECF No. 17) is **GRANTED** *nunc pro tunc.*

**IT IS FURTHER ORDERED** that the following nine motions filed by Petitioner: two Motions for Stay and Abeyance (ECF No. 29 and 34); two Applications to Proceed *In Forma Pauperis* (ECF Nos. 30 and 35); four Motions to Obtain Full Discovery (ECF Nos. 31, 37, 42, 43); and Motion for Appointment of Counsel (ECF No. 32) are all **DENIED** as moot.

DATED: 15 April 2020.



_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

3