# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENTRELL D. WELCH,<br><br>      Petitioner,<br> v.<br><br>WARDEN BRIAN WILLIAMS, et al.,<br><br>      Respondents. | Case No. 2:19-cv-00193-RFB-VCF<br><br>ORDER |

  Before the court is 28 U.S.C. § 2254 habeas corpus petitioner Kentrell D. Welch's motion to temporarily lift stay in order to file a motion for meaningful access. (ECF No. 61.) Previously, this court granted a stay because, due to the COVID-19 pandemic, NDOC had imposed a ban on all in-person meetings with NDOC prisoners, which prevented his counsel from meeting with Welch in person and from conducting the necessary investigation into Welch's claims, including identifying witnesses and arranging for evaluation by mental health experts. (ECF No. 55.) Visitation at NDOC institutions has now resumed. See ndocvisitation.com.

  The Federal Public Defender (FPD), counsel for Welch, has now moved this court to temporarily lift the stay in order to consider petitioner's motion for meaningful access. (ECF No. 61.) Welch suffers from rheumatoid arthritis (RA) and needs a cane to walk. In December 2021, Welch asked to be moved to a more secure unit at Ely State Prison

1

(ESP) because he felt unsafe and threatened by other inmates. He was moved to a more secure unit and for the first time was subject to leg shackles any time he left his cell. Welch objected because he feels unsafe trying to walk with leg shackles and a cane. Prison officials responded that the additional shackles are required as a matter of course in the more secure unit. As a result, Welch refuses to leave his cell for scheduled legal calls or in-person legal visits. Id.

In addition to this habeas action, Welch is pursuing a civil rights suit pursuant to 42 U.S.C. § 1983 relating to his conditions of confinement. See Welch v. Liggett, Case No. 2:19-cv-01243-APG-NJK. The court appointed the FPD to represent Welch in both matters. Welch's §1983 counsel's attempts to informally resolve this issue with opposing counsel have been unsuccessful. Id.

Respondents oppose the motion to temporarily lift stay. (ECF No. 67.) They assert that Welch's §1983 litigation reflects that he has been offered various accommodations, including the opportunity for different restraints or access to a wheelchair. Case No. 2:19-cv-01243-APG-NJK, ECF No. 118, p. 10.  Respondents maintained that it would be more appropriate for the parties in that matter to continue to attempt to reach a consensus or litigate whether the proposed accommodations are reasonable (or necessary), rather than this court intervening at this time.

Subsequently, Welch filed a second motion to temporarily lift stay in order to file a notice of decision regarding his motion for meaningful access in his §1983 case. (ECF No. 70.) In his civil rights action, the court determined that Welch was disabled for the purposes of analysis under the Americans with Disabilities Act and that he has a "constitutional right[] to meaningful[ly] access the courts . . . ." See Case No. 2:19-cv-01243-APG-NJK, ECF No. 124, p. 8. The court concluded that "the policy mandating leg

shackling during transportation, as applied to [Welch], has the effect of denying [him] meaningful access to his counsel and the courts under a failure to accommodate theory." Id. The court ordered that the NDOC transport Welch "to and from legal calls and visits by using only arm and belly restraints and/or a wheelchair." Id. at 11.

Welch argues that this court should adopt the order on his motion for meaningful access filed in his §1983 action for two reasons:

> First, the issue of meaningful access is the same in both cases—Mr. Welch's inability to meet with counsel in-person or engage in legal calls due to NDOC's insistence on placing leg shackles on Mr. Welch who has ambulatory issues due to rheumatoid arthritis. Second, the State's position that the issue of meaningful access should be litigated in Mr. Welch's civil action should bind it to the decision reached in that case.

ECF No. 71, p. 4.

Respondents have filed no response to Welch's second motion to temporarily lift stay. While the court tends to interpret this silence as a non-opposition, out of abundance of caution the court will lift the stay, reopen this case, and give respondents 14 days to file a further response, if any, to the motion for meaningful access.

Finally, Welch has filed two motions in pro se: a motion for grievance statement and a motion to extend copy work. (ECF Nos. 66, 69.) However, Welch is represented by counsel, and therefore, is not permitted to file documents pro se. See LR IA 11-6(a). The court will direct the Clerk of Court to strike these improper, fugitive motions.

**IT IS THEREFORE ORDERED** that petitioner's first motion to temporarily lift the stay of this federal habeas corpus proceeding (ECF No. 61) is **GRANTED**.

**IT IS FURTHER ORDERED** that, as the stay is lifted by this order, the Clerk is directed to REOPEN THE FILE in this action.

**IT IS FURTHER ORDERED** that respondents file a response to the motion for meaningful access (ECF No. 62), if any, within **14 days** of the date of this order.

**IT IS FURTHER ORDERED** that petitioner file any reply to any response by respondents within **14 days** of the date respondents' response is filed and served.

**IT IS FURTHER ORDERED** petitioner's second motion to temporarily lift the stay (ECF No. 70) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk STRIKE the pro se motions at ECF Nos. 66, 69).

DATED: 27 June 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE