UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENTRELL D. WELCH,<br><br>                              Petitioner,<br>v.<br><br>WARDEN BRIAN WILLIAMS, et al.,<br><br>                              Respondents. | Case No. 2:19-cv-00193-RFB-VCF<br><br>Order Granting Motion for Meaningful Access (ECF No. 62) |

**I.     Background**

Before the court is 28 U.S.C. § 2254 habeas corpus petitioner Kentrell D. Welch's motion for meaningful access. (ECF No. 62.)  Previously, this court granted a stay because, due to the COVID-19 pandemic, the Nevada Department of Corrections (NDOC) had imposed a ban on all in-person meetings with NDOC prisoners, which prevented his counsel from meeting with Welch in person and from conducting the necessary investigation into Welch's claims, including identifying witnesses and arranging for evaluation by mental health experts. (ECF No. 55.) Visitation at NDOC institutions has now resumed. See ndocvisitation.com. The court temporarily lifted the stay in order to adjudicate the motion for meaningful access. The court granted Welch's essentially identical motion in his § 1983 civil rights litigation, which controls the result here. Accordingly, the court grants the motion.

1

## II.      Welch's Motions for Meaningful Access in Habeas and § 1983 Actions

The Federal Public Defender (FPD), counsel for Welch, moved this court for meaningful access to his client. (ECF No. 62.) Welch suffers from rheumatoid arthritis (RA) and needs a cane to walk. See exhibit. 7.[1] In December 2021, Welch asked to be moved to a more secure unit at Ely State Prison (ESP) because he felt unsafe and threatened by other inmates. See exhs. 1, 2. He was moved to a more secure unit and for the first time was subject to leg shackles any time he left his cell. Welch objected because he feels unsafe trying to walk with leg shackles and a cane. Prison officials responded that the additional shackles are required as a matter of course in the more secure unit. As a result, Welch refuses to leave his cell for scheduled legal calls or in-person legal visits. Id.; ECF No. 62, pp. 2-9.

In addition to this habeas action, Welch is pursuing a civil rights suit pursuant to 42 U.S.C. § 1983 relating to his conditions of confinement. See Welch v. Liggett, Case No. 2:19-cv-01243-CDS-NJK. The court appointed the FPD to represent Welch in both matters. Welch also filed a motion for meaningful access in the civil rights case. Id. at ECF No. 107. Welch's §1983 counsel's attempts to informally resolve the leg-restraints issue with opposing counsel have been unsuccessful. Id.

Respondents oppose the motion. (ECF No. 73.) They assert that Welch's §1983 litigation reflects that he has been offered various accommodations, including the opportunity for different restraints or access to a wheelchair. Case No. 2:19-cv-01243-CDS-NJK, ECF No. 118, p. 10.   Respondents maintained that it would be more appropriate for the parties in that matter to continue to attempt to reach a consensus or

---

[1] Exhibits referenced in this order are exhibits to petitioner's motion for meaningful access, ECF No. 62, and are found at ECF No. 63.

2

litigate whether the proposed accommodations are reasonable (or necessary), rather than this court intervening at this time.

### III. The 1983 Court Grants Welch's Motion

Subsequently, in his civil rights action, the magistrate judge determined that Welch was disabled for the purposes of analysis under the Americans with Disabilities Act and that he has a "constitutional right[] to meaningful[ly] access the courts . . . ." See Case No. 2:19-cv-01243-APG-NJK, ECF No. 124, p. 8. The court concluded that "the policy mandating leg shackling during transportation, as applied to [Welch], has the effect of denying [him] meaningful access to his counsel and the courts under a failure to accommodate theory." Id. The court ordered that the NDOC transport Welch "to and from legal calls and visits by using only arm and belly restraints and/or a wheelchair." Id. at 11. The district court overruled the NDOC's objections and denied their emergency motion for a stay of the magistrate judge's order, finding:

> Welch being unable to prepare for his upcoming habeas case by meeting with counsel is quite a grave and irreparable harm. As the Supreme Court has recognized, "[a]n attorney's assistance prior to the filing of a . . . defendant's habeas corpus petition is crucial, because of the complexity of [the Court's] jurisprudence in [that] area . . . makes it unlikely [a] defendant[] will be able to file successful petitions for collateral relief without the assistance of persons learned in the law.

2:19-cv-00-1243-CDS-NJK, ECF No. 135, pp. 7–8 (citations omitted).

### IV. This Court Adopts the Reasoning and Ruling of the § 1983 Court

Welch argues that this court should adopt the order on his motion for meaningful access filed in his §1983 action for two reasons:

> First, the issue of meaningful access is the same in both cases—Mr. Welch's inability to meet with counsel in-person or engage in legal calls due to NDOC's insistence on placing leg shackles on Mr. Welch who has ambulatory issues due to rheumatoid arthritis. Second, the State's position

3

> that the issue of meaningful access should be litigated in Mr. Welch's civil action should bind it to the decision reached in that case.

ECF No. 71, p. 4.

Respondents have moved for reconsideration of the order directing Welch be moved without leg restraints in the §1983 action. Case No. 2:19-cv-01243-CDS-NJK, ECF No. 139. They contend that this court should defer ruling on Welch's motion until the motion for reconsideration is resolved in the § 1983 case. (ECF No. 73.) They argue that at that point the parties in this matter can litigate whether it would be appropriate for this court to take further action. Welch disagrees, pointing out that the court in the § 1983 action has twice confirmed that the leg shackling of Welch is unreasonable and interferes with his ability to access his counsel and the courts. (ECF No. 74.)

The fact that a motion for reconsideration is pending in the § 1983 matter is not a valid basis for this court to further defer ruling on Welch's motion in this case. The §1983 court ordered that the prison "may not shackle [Welch's] legs when he is transported for either legal visitation or legal phone calls." 2:19-cv-01243-CDS-NJK, ECF No. 124, p. 12. The order overruling the NDOC's objections specifically expressed concern that Welch's ability to litigate his habeas petition was hindered. It appears that the broad language in the §1983 order controls and includes legal visitation and calls for this habeas matter. To the extent that it is even necessary, this court explicitly adopts the reasoning and ruling of the § 1983 court and grants Welch's motion for meaningful access in this case. See 2:19-cv-01243-CDS-NJK, ECF Nos. 124, 135.

Finally, the stay in this case was lifted for the limited purpose of the disposition of this motion. Accordingly, the court will re-instate the stay pending a motion to lift stay by petitioner.

4

V. **Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for meaningful access to Mr. Welch (ECF No. 62) is **GRANTED**. The prison may not shackle petitioner's legs when he is transported for either legal visitation or legal phone calls.

**IT IS FURTHER ORDERED** that this action is STAYED.

**IT IS FURTHER ORDERED** that the grant of a stay remains conditioned upon petitioner returning to federal court with a motion to reopen the case when counsel concludes investigation of his case.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action until such time as the court grants a motion to reopen this matter.

DATED: 24 August 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE